**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRAIG ALAN WEST,** | : | |
| Petitioner, | : | CIV. A. NO. 1:09-00244 |
| v. | : | (CALDWELL, D.J.) |
| | : | (MANNION, M.J.) |
| **RAYMOND J. SOBINA, and ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA** | : | |
| | : | |
| Respondents. | | |

## REPORT AND RECOMMENDATION

In the instant action, the petitioner is incarcerated at the State Corrections Institution-Albion, Erie County, Pennsylvania. His incarceration is as a result of a conviction in the Dauphin Country Court of Common Pleas, Harrisburg, Pennsylvania. Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254.  (Doc. No. 1.)

On preliminary review, per 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1), and for the reasons elaborated below, the Court recommends that the suit be **DISMISSED** without prejudice.

## I.    FACTS AND PROCEDURAL POSTURE

Prior to filing the instant petition, petitioner filed a petition for writ of habeas corpus on July 7, 2000. That petition was denied as untimely – i.e., barred by the one-year statute of limitations. *See Craig A. West v. Brennan*, Civ. A. No. 1:00-cv-1231 (M.D. Pa. Apr. 20, 2001) (Caldwell, J.) (dkt. no. 9).

On or about February 2, 2009, the instant petition was mailed to the District Court. It was subsequently filed on the District Court's docket on February 6, 2009. (Doc. No. 1, at 16.) In conjunction with the petition, petitioner attached a motion to the United States Court of Appeals for the Third Circuit for an order authorizing the District Court to consider a second or successive application for relief under Section 2254. That motion was attached – by the clerk's office – to the petition. Thus, petitioner's motion appears on the District Court's docket. (Doc. No. 1, at 10 *et seq.*)

## II.   ANALYSIS

Pursuant to [28 U.S.C. § 2244(b)(3)(A)](), prior to filing a second or successive petition, a petitioner must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Pursuant to § 2244(b)(2), in order for the court of appeals to grant such an application, it must find that the claim presented in the second or successive petition relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the petitioner

guilty of the underlying offense.

Because petitioner has not yet received permission from the United States Court of Appeals for the Third Circuit to file a second or successive petition, his petition for habeas relief before this Court is premature. 18 U.S.C. § 2254. The plain words of the statute require the petitioner to file his motion before the Third Circuit as a precondition to his "fil[ing] [his petition for habeas relief] in the district court." *Id*.; *see also* Rule 9-Rules Governing Section 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order [not merely move] from the appropriate court of appeals authorizing the district court to consider the petition ...."); *cf.* Rule 9-Rules Governing Section 2255 Proceedings (same). For that reason, no relief before this Court is possible at this time.

### III.   CONCLUSION

For the reasons elaborated above, the Court **RECOMMENDS** that the suit be **DISMISSED** without prejudice.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Dated: March 9, 2009
O:\shared\REPORTS\2009 Reports\9-0244-01.wpd